# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

NOHELI RODRIGUEZ,
on behalf of N.R., a minor,

        Plaintiff,

v.                                          Case No. 6:23-cv-2245-JRK

LELAND C. DUDEK,
Acting Commissioner of Social
Security,[1]

        Defendant.

## OPINION AND ORDER[2]

### I.  Status

Noheli Rodriguez ("Plaintiff"), on behalf of N.R., a minor ("Claimant") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision finding that Claimant is not disabled and therefore is ineligible for child's supplemental security income ("SSI"). Claimant's alleged disability is

---

[1] Leland C. Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Dudek is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

based upon hearing loss[3] and social anxiety. Transcript of Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed January 19, 2024, at 51. The SSI application was protectively filed on February 26, 2021, with the same date being the alleged disability onset date.[4] The application was denied initially, Tr. at 51-56, 57, 68-71, and upon reconsideration, Tr. at 58-64, 65, 74-75. On February 27, 2023, an Administrative Law Judge ("ALJ") held a hearing,[5] during which he heard testimony from Claimant's mother, Plaintiff, who appeared with counsel. See Tr. at 29-50. At the time of the hearing, Claimant was seven years old. Tr. at 31, 39. The ALJ issued a Decision on May 1, 2023, finding Claimant "has not been disabled . . . since February 26, 2021, the date the application was filed." Tr. at 24, 15-24 (citation omitted).

Plaintiff requested review of the Decision by the Appeals Council. Tr. at 4-5 (exhibit list and Order), 169-71 (request for review). On September 28, 2023, the Appeals Council denied the request for review, Tr. at 1-3, making the ALJ's

---

[3] Bilateral hearing loss was listed in the initial denial paperwork, Tr. at 51; later, it was alleged to be "sensorineural hearing loss of left ear with unrestricted hearing of right ear." Tr. at 58.

[4] The administrative transcript contains a letter from the SSA to Plaintiff dated February 26, 2021 in which it was represented that Plaintiff had "recently began the Child Disability Report online" and urged her to finish it. Tr. at 175-76. Elsewhere in the administrative transcript, the protective filing date is listed as February 26, 2021. Tr. at 51, 58.

[5] The hearing was held via telephone, without objection from Plaintiff. See Tr. at 32, 36, 160. An interpreter appeared and interpreted most of the proceedings for Plaintiff because Plaintiff's primary language is Spanish. See Tr. at 29, 36, 39. Although Plaintiff speaks Spanish to Claimant at home, Claimant is able to speak English. Tr. at 39.

Decision the final decision of the Commissioner. On November 20, 2023, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the ALJ erred in evaluating Claimant's "ability to interact and relate with others." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 19; "Pl.'s Mem."), filed May 22, 2024, at 7 (emphasis and capitalization omitted). On July 15, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 24; "Def.'s Mem.") addressing Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective filings, the undersigned finds the Commissioner's final decision is due to be affirmed.

## II.   The Disability Evaluation Process for Children

An individual "under the age of 18 [is] consider[ed] . . . disabled if [the individual] ha[s] a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906; see 42 U.S.C. § 1382c(a)(3)(C)(i). When determining whether an individual under the age of eighteen is disabled, an ALJ must follow the three-step sequential inquiry set forth in the Code of Federal Regulations

("Regulations"), determining as appropriate whether (1) the claimant is engaging in substantial gainful activity; (2) the claimant has a severe impairment or combination of impairments; and (3) the impairment(s) meet, medically equal, or functionally equal any of the impairments set forth in the Listings. 20 C.F.R. § 416.924; see also Shinn ex rel. Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1278-79 (11th Cir. 2004) (explaining the three-step sequential evaluation process for children); Banks ex rel. Hunter v. Comm'r of Soc. Sec. Admin., 686 F. App'x 706, 712 (11th Cir. 2017) (unpublished); T.R.C. v. Comm'r, Soc. Sec. Admin., 553 F. App'x 914, 918 (11th Cir. 2014) (unpublished); Turberville v. Astrue, 316 F. App'x 891, 892 (11th Cir. 2009) (unpublished).

With respect to the analysis conducted at step three, an ALJ considers the combined effect of all medically determined impairments, even those that are not severe. 20 C.F.R. §§ 416.923, 416.924a(b)(4), 416.926a(a) and (c). The ALJ then looks to "objective criteria set forth in [the Regulations]" to determine whether the impairment(s) cause severe and marked limitations. Shinn, 391 F.3d at 1278. The Regulations contain the Listings "specifying almost every sort of [impairment] from which a person can suffer, sorted into general categories." Id. (citing 20 C.F.R. § 416.925(a)). Each listed impairment contains a discussion of the different limitations on the child's abilities that the impairment may impose. Id. (citing 20 C.F.R. § 416.925(a)).

Limitations appearing in the Listings "are considered 'marked and severe.'" Id. (citing 20 C.F.R. § 416.925(a)). Limitations resulting from a child's impairment(s) meet "the Listings if the child actually suffers from the limitations specified in the Listings for that child's severe impairment." Id. Limitations resulting from a child's impairments medically equal "the Listings if the child's limitations 'are at least of equal medical significance to those of a listed impairment.'" Id. (quotation omitted); see 20 C.F.R. § 416.926).

Even if the child's limitations do not medically equal the Listings, "the ALJ can still conclude that those limitations are 'functionally equivalent' to those in the Listings." Id. To make that determination, "the ALJ assesses the degree to which the child's limitations interfere with the child's normal life activities," using "six major domains of life[.]" Id. Those domains are:

> (i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for [one]self; and, (vi) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1); see also T.R.C., 553 F. App'x at 918 (citation omitted). "A child's impairment is 'of listing-level severity,' and so 'functionally equals the listings,' if as a result of the limitations stemming from that impairment the child has 'marked limitations in two of the domains [above], or an extreme limitation in one domain.'" Shinn, 391 F.3d at 1279 (alteration in original) (quoting 20 C.F.R. § 416.926a(d) and citing 20 C.F.R. § 416.925(a)).

### III.   The ALJ's Decision

The ALJ followed the required three-step sequential evaluation process for children. Tr. at 16-24. At step one, after recognizing Claimant "was a preschooler on February 26, 2021, the date the application was filed, and is currently a school-age child," the ALJ determined that Claimant had "not engaged in substantial gainful activity since . . . the application date." Tr. at 16 (emphasis and citation omitted). Next, at step two, the ALJ found Claimant suffers from "the following severe impairments: sensorineural hearing loss and speech/language delay." Tr. at 16 (emphasis and citation omitted).

At step three, the ALJ found that Claimant "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 16 (emphasis and citation omitted). The ALJ then determined that "[C]laimant does not have an impairment or combination of impairments that functionally equals the severity of the listings." Tr. at 17 (emphasis and citation omitted). In terms of the six major domains of life, the ALJ ascertained the following: Claimant has "a marked limitation in acquiring and using information"; "less than a marked limitation in attending and completing tasks"; "less than a marked limitation in interacting and relating with others"; "no limitation in moving about and manipulating objects"; "no limitation in the ability to care for herself"; and "less than a marked limitation in health and

physical wellbeing." Tr. at 18 (some emphasis omitted). Accordingly, the ALJ found that "[C]laimant does not have an impairment or combination of impairments that functionally equals a listing, because [C]laimant does not have either 'marked' limitations in two domains of functioning or 'extreme' limitation in one domain of functioning." Tr. at 24.

The ALJ concluded that "[C]laimant has not been disabled . . . since February 26, 2021, the date the application was filed." Tr. at 24 (emphasis and citation omitted).

## IV.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959

F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam); see also Noble v. Comm'r of Soc. Sec., 963 F.3d 1317, 1323 (11th Cir. 2020).

## V.   Discussion

Plaintiff argues the ALJ erred in determining Claimant had less than a marked limitation in interacting and relating with others. Pl.'s Mem. at 7-10. According to Plaintiff, the ALJ in discussing a second-grade teacher's report "failed to acknowledge that [C]laimant required one on one instructions." Id. at 8. Moreover, argues Plaintiff, the ALJ erred in failing to consider the impact of any "structured setting" that is required for Claimant. Id. at 9-10. Responding, Defendant contends Plaintiff is factually incorrect regarding the ALJ's alleged failure to consider the requirement for one-on-one instructions, and the ALJ

otherwise made findings in this domain that are accurate and supported by substantial evidence. Def.'s Mem. at 4-8.

The domain of interacting and relating with others considers how well a child can "initiate and sustain emotional connections with others, develop and use the language of [the child's] community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others." 20 C.F.R. § 416.926a(i). A school-age child should be able, among other things, to: "develop more lasting friendships with children who are [the child's] age"; "begin to understand how to work in groups to create projects and solve problems"; "have an increasing ability to understand another's point of view and to tolerate differences"; and "be well able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand." 20 C.F.R. § 416.926a(i)(2)(iv). Examples of limited functioning in this domain include but are not limited to: "not reach[ing] out to be picked up and held by [a] caregiver"; "hav[ing] no close friends, or [having] friends [who] are all older or younger than [the child]"; "avoid[ing] or withdraw[ing] from people [the child] know[s], or [the child is] overly anxious or fearful of meeting new people or trying new experiences"; "hav[ing] difficulty playing games or sports with rules"; "hav[ing] difficulty communicating with others; e.g., in using verbal and nonverbal skills to express [him or her]self, carrying on a conversation, or in asking others for assistance"; and "hav[ing]

difficulty speaking intelligibly or with adequate fluency." 20 C.F.R. § 416.926a(i)(3)(i)-(vi).

Here, the ALJ found as follows regarding the domain of interacting and relating with others:

> [C]laimant has less than a marked limitation in interacting and relating with others. [C]laimant has hearing loss and speech delay (7F; 8F). She was also uncooperative at her psychological consultative examination (9F). Still, she did not display regular issues with cooperation, with treatment notes showing that [C]laimant was cooperative with normal mood and affect (5F/10, 14; 15F/5, 15). [C]laimant's mother did not report regular issues with behavior to [C]laimant's medical providers (see 5F/23; 15F/14). At her other consultative examinations, [C]laimant was able to hear and understand normal conversational speech (14F), display a word recognition score of 84% of the right ear compared to 100% on the left (13F), and maintain normal behavior while displaying intelligibility of speech at 80% with unknown topic, 90% with known topic, and 100% with repetition (8F). Additionally, [C]laimant is described as polite by her teacher (5E) and has friends in school (Hearing Testimony). The State Agency medical consultants did not find marked limitation in this domain as well, helping to support the above finding (see 1A; 3A).

Tr. at 23. Plaintiff does not challenge any of the ALJ's specific findings in support of the assignment of less than marked limitation in interacting and relating with others. Instead, Plaintiff indicates that Claimant "has a communication problem," citing a kindergarten teacher's report that Claimant had "obvious problem[s]" in "[r]elating experiences and telling stories." Pl.'s

- 10 -

Mem. at 8; Tr. at 209. But, in context, the teacher was asked to opine on thirteen different activities within the domain of interacting and relating with others: of the thirteen, only the one cited by Plaintiff was marked as "[a]n obvious problem." Tr. at 209. Two of the twelve activities were assigned "[a] slight problem," and the remaining nine were assigned "[n]o problem." Tr. at 209. Overall, the kindergarten teacher's report supports, rather than undermines, the ALJ's finding in this domain.

Plaintiff also contends the ALJ "failed to acknowledge that [C]laimant required one on one instructions," Pl.'s Mem. at 8, citing a second-grade teacher questionnaire indicating Plaintiff is given "one on one instructions." Tr. at 800. The ALJ, however, discussed the questionnaire at issue in detail. Tr. at 20. Additionally, the ALJ specifically acknowledged the kindergarten teacher's indication that Claimant sometimes "needs one-on-one help to ensure she can hear instructions and learn appropriately." Tr. at 20. As well, later in the Decision, the ALJ recognized Claimant's "need for one-on-one instruction at times," Tr. at 20, specifically citing, inter alia, Exhibit 16F, which is the second-grade teacher's questionnaire located in the administrative transcript at pages 797-804. The ALJ's discussion makes clear the ALJ considered the need for one-on-one instruction.

Plaintiff generally contends the ALJ did not adequately consider Claimant's hearing loss, Pl.'s Mem. at 9, but this contention is belied by the

- 11 -

ALJ's detailed discussion of Claimant's hearing issues, see Tr. at 19, and accounting for such issues in the domain findings, see Tr. at 23-24.

Finally, Plaintiff argues the ALJ "failed to consider whether [C]laimant was frequently in a 'structured setting,' which 'may minimize the signs of impairment.'" Pl.'s Mem. at 9; see 20 C.F.R. § 416.924a(b)(5)(iv). The ALJ, however, recognized the requirement to consider "how [C]laimant functions at home, at school, and in the community; the interactive and cumulative effects of all [C]laimant's medically determinable impairments on [C]laimant's activities; and the type, extent, and frequency of the help [C]laimant needs." Tr. at 17. The Decision makes clear the ALJ sufficiently considered all of these things. See Tr. at 19-24.

In sum, the ALJ's Decision reflects careful and thoughtful consideration by the ALJ that need not be disturbed.

## VI. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 3, 2025.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record